48 F.3d 1233
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Xuan Hiep LE, also known as Hiet Xun Le, also known as Hiep
P. Nguyen, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-9541.
(BIA No. Aqs-csb-kqh)
 United States Court of Appeals, Tenth Circuit.
 Feb. 27, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Le, appearing pro se, seeks review of a decision of the Board of Immigration Appeals ("BIA") dismissing his untimely appeal to the BIA, and moves to proceed on appeal without prepayment of fees or costs. We decline to grant review under 8 U.S.C. 1105a(c).
 
 
 2
 Following a hearing on July 28, 1993, an immigration judge ordered the deportation of Mr. Le. When the judge issued his decision, he advised Mr. Le that he had until August 9, 1993, to perfect his appeal to the BIA. Instead of filing a timely appeal in accordance with 8 C.F.R. 242.21(a), however, Mr. Le filed his appeal on October 19, 1993, more than two months late. Consequently the BIA dismissed the appeal as untimely, finding no merit to Mr. Le's reasons for the late filing.
 
 
 3
 Mr. Le's reasons for filing his appeal past the deadline are (1) insufficient funds to hire an attorney, (2) refusal of counsel assistance from the legal aid services, and (3) the need for a period of time to educate himself on Immigration Law and Procedure. We uphold the BIA's determination that these reasons do not merit allowance of an untimely appeal. See Reyes-Arias v. INS, 866 F.2d 500, 503 (D.C.Cir.1989) ("[I]t would be extravagant for a court which so vigorously enforces its own rules, including deadlines, to condemn the BIA as having abused its broad discretion...."). Because Mr. Le failed to exhaust the administrative remedies available to him, we may not review his order of deportation. See 8 U.S.C. 1105a(c).
 
 
 4
 We GRANT Mr. Le's motion to proceed on appeal without prepayment of fees or costs.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument